UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:25-cv-01005-KCD-NPM

WILLIAM HUESMAN,

Plaintiff,

vs.

GOOGLE, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Google, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Statement of Defenses to the Complaint filed by Plaintiff, William Huesman ("Plaintiff"), and in support thereof, Defendant states as follows:

**GENERAL ALLEGATIONS**

1. Defendant denies all the allegations in Paragraph 1 of the Complaint, in particular, Defendant denies that Mr. Shah was ever a supervisor of Plaintiff.

2. Defendant admits that Plaintiff is a former employee of Google. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Complaint and, therefore, denies such allegations.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

**JURISDICTION & VENUE**

4. Defendant does not contest that this Court has jurisdiction to hear the claims raised by Plaintiff in his Complaint but denies that Plaintiff is entitled to any relief thereunder.

5. Defendant does not contest venue but denies that it incurred in any illegal conduct.

6. The allegations set forth in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

**BACKGROUND**

7. Defendant admits that Plaintiff was hired on or about October 6, 2019, as a sales director. Defendant denies the remainder of the allegations in Paragraph 7 of the Complaint.

8. Defendant denies that Plaintiff ever received a performance review directly from Mr. Enslin. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint as they are Plaintiff's own beliefs/feelings and, therefore, denies such allegations.

9. Defendant denies that Mr. Shah harassed or targeted Plaintiff because he is White or any other reason whatsoever, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies such allegations.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

**Mr. Shah Begins to Target Mr. Huesman**

15. Defendant admits that it works with Deloitte. Defendant denies that any issues with Shah escalated in January 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint and, therefore, denies such allegations.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies such allegations.

19. Defendant denies that Mr. Shah discriminated against and/or harassed Plaintiff because of his race and that he engaged in any such behavior towards Plaintiff while intoxicated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the

Complaint and, therefore, denies such allegations. Additionally, Defendant denies the entirety of footnote 1 following Paragraph 19 of the Complaint as an improper legal assertion.

20. Defendant denies that Mr. Shah behaved in an "unhinged" manner and that the relationship between Google and Deloitte was "poisoned." Defendant further denies that Deloitte demanded to ever remove Mr. Shah from its working relationship with Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies such allegations.

21. Defendant admits that Alison Paul was the Managing Director of Deloitte Global Alliance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies such allegations.

23. Defendant admits that Ms. Paul never filed a complaint against Mr. Shah because she had no reason to do so. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies such allegations.

24. Defendant denies that Mr. Shah was "incensed" by a "white man" filing a complaint regarding his behavior. Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the Complaint and, therefore, denies such allegations.

25. Defendant denies the allegations in Paragraph 25 of the Complaint including the entirety of footnote 2 following Paragraph 25 of the Complaint as an improper legal assertion.

**Mr. Shah Actively Undermines Mr. Huesman's Career**

26. Defendant denies that Mr. Shah "blacklisted" Plaintiff or engaged in a campaign to sabotage and undermine Plaintiff's performance and reputation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint and, therefore, denies such allegations.

27. Defendant denies the allegation that a meeting was had for the sole purpose of interfering with Plaintiff's meeting with Deloitte. Mr. Shah was employed in a distinct department from the Plaintiff and had an independent purpose for meeting with Deloitte, separate from that of the Plaintiff. Mr. Shah's meeting and Plaintiff's meeting would not have even been for the same purpose if they both did occur on the same day. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, denies such allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies such allegations.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations that Shah was discriminating and/or harassing any employee at Google and denies that Mr. Shah engaged in any unprofessional behavior. Additionally, Defendant denies that companies advised that they refused to work with Mr. Shah. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, denies such allegations.

31. Defendant admits that Plaintiff contacted Ms. Heintz, a Senior Employee Relations Partner with Defendant, about Mr. Shah. Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

**Mr. Shah Excludes Mr. Huesman from Key Correspondence**

32. Defendant admits that Plaintiff was not put on a list to attend the Deloitte Summit. Defendant denies that Mr. Shah had any campaign of retaliation against Plaintiff. Additionally, Defendant denies that it maintains any "blacklist" and that Plaintiff was placed on a "blacklist." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, therefore, denies such allegations.

33. Defendant denies that Mr. Shah had any campaign of retaliation against Plaintiff or any other employee of Defendant. Additionally, Defendant denies any allegation that it has a "blacklist" of any kind and that Plaintiff was on this list. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies such allegations.

34. Defendant denies that Mr. Shah or Mr. Cook were retaliating in any way against Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and, therefore, denies such allegations.

35. Defendant denies that Mr. Shah or Mr. Cook were retaliating in any way against Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint and, therefore, denies such allegations.

36. Defendant denies that Mr. Cook was retaliating in any way against Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and, therefore, denies such allegations.

37. Defendant denies any allegation that it has a "blacklist" of any kind and that Plaintiff was on this list. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and, therefore, denies such allegations.

38. Defendant denies any allegation that it has a "blacklist" of any kind and that Plaintiff was on this list. Defendant denies that Mr. Cook was retaliating in any way against Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of

the Complaint and, therefore, denies such allegations.

**Mr. Huesman is Forced to Transfer Positions & Resign**

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint. Defendant's investigation closed because after numerous attempts to obtain supporting information from Plaintiff about his Complaints, Defendant never received any additional information, so it closed its investigation.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff resigned from his position. Defendant denies any allegation that it has a "blacklist" of any kind and that Plaintiff was on this list. Defendant denies that Plaintiff was subject to any form of discrimination or retaliation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies such allegations.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

**COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII**

48. Defendant reincorporates Paragraphs 1 through 47 as fully set forth herein.

49. Defendant admits the allegations of Paragraph 49 to the extent they conform with 42 U.S.C. § 2000e-2(a)(1). Defendant denies any illegal conduct or violation of the statute.

50. The allegations set forth in Paragraph 50 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 as phrased.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

**COUNT II: RETALIATION IN VIOLATION OF TITLE VII**

57. Defendant reincorporates Paragraphs 1 through 47 as fully set forth herein.

58. The allegations set forth in Paragraph 58 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. The allegations set forth in Paragraph 59 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 as phrased.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

## COUNT III: RACE BASED HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

66. Defendant reincorporates Paragraphs 1 through 47 as fully set forth herein.

67. The allegations set forth in Paragraph 67 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

## COUNT IV: DISCRIMINATION IN VIOLATION OF THE FCRA

76. Defendant reincorporates Paragraphs 1 through 47 as fully set forth

herein.

77. Defendant admits the allegations of Paragraph 77 to the extent they conform with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA"). Defendant denies any illegal conduct or violation of the statute.

78. The allegations set forth in Paragraph 78 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

**COUNT V: RETALIATION IN VIOLATION OF THE FCRA**

84. Defendant reincorporates Paragraphs 1 through 47 as fully set forth herein.

85. Defendant admits the allegations of Paragraph 85 to the extent they conform with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA"). Defendant denies any illegal conduct or violation of the statute.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

## COUNT VI: HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF THE FCRA

90. Defendant reincorporates Paragraphs 1 through 47 as fully set forth herein.

91. The allegations set forth in Paragraph 91 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

**JURY DEMAND**

Defendant admits that Plaintiff demanded a jury trial, but denies that there are any issues so triable.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief in Plaintiff's Prayer for Relief following Plaintiff's Jury Demand Paragraph 101.

**GENERAL DENIAL**

Defendant denies each and every allegation set forth in the Complaint that has not been expressly admitted herein.

**STATEMENT OF DEFENSES**

**First Defense**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims for damages are barred because any actions undertaken by Defendant regarding Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

**Third Defense**

To the extent that Plaintiff has failed to mitigate his damages, including by seeking comparable employment and/or medical attention for his non-economic damages, he is barred from recovering from Defendant. Indeed, Plaintiff's interim

earnings or amounts that he could have earned with reasonable diligence (including any collateral source payments or recoveries) should reduce any back pay that may otherwise be recoverable by Plaintiff and entitle Defendant to a set-off.

**Fourth Defense**

Defendant asserts that it is not liable for any alleged wrongful action taken by any of its employees that were taken outside the course and scope of their duties and were not authorized, condoned, or ratified by Defendant.

**Fifth Defense**

Plaintiff is not entitled to either the declaratory or equitable relief that he seeks in this action.

**Sixth Defense**

Plaintiff's Complaint fails and/or his recovery of damages is limited because Defendant exercised reasonable care to prevent, and correct promptly, any alleged discriminatory behavior.

**Seventh Defense**

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

**Eighth Defense**

Defendant's conduct is not the direct or proximate cause of any alleged emotional distress, mental pain and anguish, humiliation, embarrassment, suffering, loss of dignity, financial loss or any harm allegedly experienced by Plaintiff.

**Ninth Defense**

To the extent Plaintiff claims he suffers any symptoms of mental and/or emotional distress, injury, or any other non-pecuniary losses, they are the result of preexisting losses, they are the result of preexisting psychological disorders and/or alternative concurring causes, and not the result of any act or omission by Defendant.

**Tenth Defense**

Plaintiff's claims are barred (or limited) to the extent it is revealed in discovery that Plaintiff engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendant.

**Eleventh Defense**

Plaintiff's Complaint fails and/or his recovery of damages is limited because Defendant exercised reasonable care to prevent and correct promptly, any alleged discriminatory and retaliatory behavior. Specifically, during Plaintiff's employment Defendant had in effect and enforced anti-discrimination policies.

**Twelfth Defense**

Plaintiff asserts claims of discrimination which occurred more than 300 days before he filed his charge of discrimination with the EEOC, as such those claims are time-barred.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust

his administrative remedies as to all and/or some of the facts and/or claims alleged in Plaintiff's Complaint.

**Reservation of Rights**

Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, Defendant, GOOGLE, LLC., having answered the Complaint and raised affirmative defenses thereto, respectfully requests that the instant action be dismissed *with prejudice* on the merits and that Defendant be awarded its reasonable attorneys' fees and costs, as well as such further and other relief as the Court deems just and proper.

Dated: December 19, 2025

Respectfully submitted,

JACKSON LEWIS P.C.
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile: (305) 373-4466

By: *s/ Pedro J. Torres-Díaz*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 19327
Email: *pedro.torres-díaz@jacksonlewis.com*
Haley L. Franco, Esq.
Florida Bar No. 1018529
Email: *haley.franco@jacksonlewis.com*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

*s/ Pedro J. Torres-Díaz*
Pedro J. Torres-Díaz, Esq.

**SERVICE LIST**

United States District Court for the Southern District of Florida
*William Huesman v. Google, LLC*

Case No. 2:25-cv-01005-KCD-NPM

Matthew Seth Sarelson, Esq.
Florida Bart No. 1032816
Email: *msareslon@dhillonlaw.com*
Dhillon Law Group, Inc.
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
Telephone: (305) 773.1952

*Counsel for Plaintiff*

Pedro J. Torres-Díaz, Esq.
Florida Bar No. 19327
Email: *pedro.torres-díaz@jacksonlewis.com*
Haley L. Franco, Esq.
Florida Bar No. 1018529
Email: *haley.franco@jacksonlewis.com*
JACKSON LEWIS P.C.
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile: (305) 373-4466

*Counsel for Defendant*

4935-7536-4227, v. 1